UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK ESTAVILLO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EPIC GAMES (OF FORTNITE), et al.,<br><br>　　　　Defendants. | Case No. 19-cv-01025-SVK<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**SCREENING ORDER RE AMENDMENT PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 1, 2 |

Plaintiff Erik Estavillo, appearing pro se, filed a civil complaint (the "Complaint") and motion for leave to proceed in forma pauperis ("IFP"), seeking permission to proceed without paying ordinary court costs. ECF 1; ECF 2. The Complaint sets forth various grievances and improvements that Plaintiff demands Defendants Epic Games, Behaviour Interactive and Starbreeze Studios make to their video games: Fortnite and Dead by Daylight. *See* ECF 1.

This order is the Court's initial screening review for civil actions filed IFP, pursuant to 28 U.S.C. § 1915. For the reasons stated below, the Court (1) **DENIES** Plaintiff's IFP application without prejudice to Plaintiff filing an amended application with additional detail by **April 10, 2019**, and (2) finds that the Complaint does not establish federal subject matter jurisdiction or state a claim upon which relief may be granted and therefore, **ORDERS** Plaintiff to amend his Complaint by **April 10, 2019**.

### I.　　IFP APPLICATION

If the Court is satisfied that the applicant cannot pay the requisite filing fees, the Court may grant an IFP application. 28 U.S.C. § 1915(a)(1). Although Section 1915(a)(1) "does not itself define what constitutes insufficient assets," a plaintiff seeking IFP status "must allege poverty

with some particularity, definiteness, and certainty." *Balik v. City of Cedar Falls*, No. 16-CV-04070-LHK, 2016 WL 4492589, at *2 (N.D. Cal. Aug. 26, 2016) (quoting *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015)).

Plaintiff has failed to establish that he cannot pay the $400 filing fee in this action. ECF 2. His application for IFP status is incomplete because it states that he receives "Federal or State welfare payments, Social Security or other government source" but does not state the money received from these sources, as required in Question 2 of the IFP application. *Id.* at 2. The Court therefore lacks the necessary information to determine whether Plaintiff qualifies financially for IFP status. Accordingly, Plaintiff's IFP application is **DENIED WITHOUT PREJUDICE** to Plaintiff filing an amended IFP application that includes all the information requested in the application form.

## II.     SCREENING UNDER 28 U.S.C. § 1915(e)(2)

This Court has conducted an initial review of Plaintiff's Complaint. District courts screen civil actions filed IFP to ensure that the complaint is not frivolous, states a claim, and does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The Federal Rules of Civil Procedure contain a number of requirements for the form and substance of a civil complaint. For example, the complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the plaintiff is entitled to relief and a demand for the relief sought. Fed. R. Civ. P. 8(a). The complaint also must identify the parties and set forth the plaintiff's claims in separate, numbered paragraphs, with each paragraph limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b). In addition, to survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state a claim for relief that is plausible on its face. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's Complaint does not comply with these requirements. First, the Complaint fails to establish that the Court possesses subject matter jurisdiction over this dispute. Federal courts

are courts of limited jurisdiction, and as the party seeking to invoke federal court jurisdiction, Plaintiff has the burden of establishing that federal subject matter jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

Potential sources of subject matter jurisdiction are federal question jurisdiction and diversity jurisdiction. Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthcare Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (citations omitted). Plaintiff does not appear to allege the violation of any federal statute. Instead, the Complaint sets forth a list of grievances and suggested improvements for the video games Fortnite and Dead by Daylight. ECF 1 at 1–4, 7–12. The suggestions regarding Fortnite include improvements to Fortnite's "solo story campaign mode," the "Fortnite store" and the options for different levels of competitive matches. *Id.* at 2–4. As for Dead by Daylight, Plaintiff seeks improvements to its frames per a second rate, game modes, chat, game mechanics and gameplay. *Id* at 7–11. Plaintiff additionally alleges that Behaviour Interactive permanently banned him without providing evidence or an explanation and that Behaviour Interactive did not offer him a refund despite the fact he has spent "spent well over $500 on their harmful and addictive microtransactions." *Id.* at 5. The Complaint also appears to allege that race and gender discrimination played a role in Behaviour Interactive's decision to ban him. *Id.* at 6–7. Within this extensive list of grievances, Plaintiff fails to identify any federal law that entitles Plaintiff to relief based on these grievances. As a result, the Complaint fails to establish federal question jurisdiction.

The other possible ground for federal subject matter jurisdiction is diversity jurisdiction, which exists where all plaintiffs are of different citizenship than all defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiff has not alleged the citizenship of any party, and thus fails to establish diversity jurisdiction. However, given Plaintiff's California address, none of the Defendants can be citizens of California in order for Plaintiff to invoke

3

diversity jurisdiction.  The Court notes that for the purposes of determining diversity jurisdiction, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id.* at § 1332(c)(1).

Second, Plaintiff fails to allege sufficient facts to state a claim for relief that is plausible on its face, as required under Rule 12(b)(6).  Plaintiff must provide the "grounds" of his entitlement to relief, which requires "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action. *Iqbal*, 556 U.S. at 678.  As noted above, Plaintiff's list of grievances and suggested improvements fails to identify any federal or state law which entitles him to relief from the Court based on his allegations.  In his amended complaint, Plaintiff must select the specific laws that he wishes to allege claims under and provide the Court with facts demonstrating that he is entitled to his relief on those claims.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130(9th Cir. 2000) (en banc).  Accordingly, the Court grants Plaintiff leave to file an amended complaint by **April 10, 2019**.  Failure to file an amended complaint by that deadline will result in this Court ordering that the case be reassigned to a district judge with a recommendation that it be dismissed.

### III.  CONCLUSION

For the reasons discussed above, this Court **ORDERS** that Plaintiff's IFP application is **DENIED WITHOUT PREJUDICE** to Plaintiff filing an amended IFP application by **April 10, 2019**.  The Court further **ORDERS** that Plaintiff amend his Complaint by **April 10, 2019**, to identify (1) a basis for federal subject matter jurisdiction and (2) the federal or state law which entitles him to relief from the Court based on his allegations.  If Plaintiff fails to (1) file an amended IFP application or pay the filing fee or (2) fails to file an amended complaint, the Court will order that the case be reassigned to a district judge with a recommendation that it be dismissed.

The Court informs Plaintiff that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is available by appointment and on a drop-in basis. The Federal Pro Se Program is available at Room 2070 in the United States Courthouse in San Jose (Monday to Thursday 9:00 am–4:00 pm, on Friday by appointment only), or by calling (408) 297-1480. Parties may make appointments by contacting the program's staff attorney, Mr. Kevin Knestrick, at (408) 297-1480 or kknestrick@asianlawalliance.org. In addition, the Court offers a pro se handbook free of charge; a copy may be obtained from the Clerk's office or downloaded from http://cand.uscourts.gov/prosehandbook.

**SO ORDERED.**

Dated: March 19, 2019

SUSAN VAN KEULEN
United States Magistrate Judge