# Beware the long arm of the U.S. courts

*Trials & Tribulations*

December 8, 2014    |    Written By Margaret L. Waddell



The United States Court of Appeals for the First Circuit has confirmed that courts can take "long arm" jurisdiction over a Canadian resident corporation, even when the company has no physical presence in the American jurisdiction, and the only contact between the parties was by electronic and telephone communications across the border.

*C.W. Downer & Co. v. Bioriginal Food & Science Corp.* reflects the contemporary view of American courts that actual presence in the U.S. is not required for the court to assume jurisdiction over a foreign domiciled defendant. It reflects the modern reality that in a world economy, business is often conducted on a remote basis through mail, e-mail, internet, and telephone communications, without the contracting parties ever being present in the same location. Hence the courts must remain flexible in the application of the law to reflect current commercial transactions.

The case also stands as a reminder to contract drafters of the importance of using precise language when jurisdiction clauses are included as a term of the agreement.

We've updated our Privacy Statement. Before you continue, please read our new Privacy Statement and familiarize yourself with the terms.    ×

# ADANews

Current Issue

# Court: Business violated Americans with Disabilities Act with inaccessible website

June 23, 2017

By David Burger

For what is believed to be the first time, a court has ruled that failure to make a website accessible to people with disabilities violated the Americans with Disabilities Act.

U.S. District Judge Robert N. Scola, in a nonjury trial in the District Court for the Southern District of Florida, issued a 13-page finding June 13 that said grocer Winn-Dixie violated Title III of the Americans with Disabilities Act by having a website that was not useable by plaintiff Juan Carlos Gil to download coupons, order prescriptions and find store locations.

Mr. Gil is visually impaired and uses screen-reader software to access websites. Judge Scola awarded Mr. Gil his attorneys' fees and costs and required Winn-Dixie to update its website.

In its verdict, Judge Scola wrote, "Winn-Dixie has violated the American Disabilities Act because the inaccessibility of its website has denied Gil the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations that Winn-Dixie offers to its sighted customers."

Winn-Dixie operates 495 grocery stores in Florida, Alabama, Louisiana, Georgia and Mississippi.

Title III of the act prohibits discrimination on the basis of disability in the activities of places of public accommodations — businesses that are generally open to the public and that fall into one of 12 categories listed in the act, such as restaurants, movie theaters, schools, day care facilities, recreation facilities and doctors' offices



Up^   << Previous   Next >>   cross-reference chaptered bills   PDF |  Add To My Favorites

Highlight

**CIVIL CODE - CIV**
  **DIVISION 3. OBLIGATIONS [1427 - 3273]** *( Heading of Division 3 amended by Stats. 1988, Ch. 160, Sec. 14. )*
    **PART 3. OBLIGATIONS IMPOSED BY LAW [1708 - 1725]** *( Part 3 enacted 1872. )*

**1723.** (a) Every retail seller which sells goods to the public in this state that has a policy as to any of those goods of not giving full cash or credit refunds, or of not allowing equal exchanges, or any combination thereof, for at least seven days following purchase of the goods if they are returned and proof of their purchase is presented, shall conspicuously display that policy either on signs posted at each cash register and sales counter, at each public entrance, on tags attached to each item sold under that policy, or on the retail seller's order forms, if any. This display shall state the store's policy, including, but not limited to, whether cash refund, store credit, or exchanges will be given for the full amount of the purchase price; the applicable time period; the types of merchandise which are covered by the policy; and any other conditions which govern the refund, credit, or exchange of merchandise.

(b) This section does not apply to food, plants, flowers, perishable goods, goods marked "as is," "no returns accepted," "all sales final," or with similar language, goods used or damaged after purchase, customized goods received as ordered, goods not returned with their original package, and goods which cannot be resold due to health considerations.

(c) (1) Any retail store which violates this section shall be liable to the buyer for the amount of the purchase if the buyer returns, or attempts to return, the purchased goods on or before the 30th day after their purchase.

(2) Violations of this section shall be subject to the remedies provided in the Consumers Legal Remedies Act (Title 1.5 (commencing with Section 1750) of Part 4).

(3) The duties, rights, and remedies provided in this section are in addition to any other duties, rights, and remedies provided by state law.

*(Added by Stats. 1990, Ch. 422, Sec. 2.)*

COMMON QUESTIONS
# RETURNS AND EXCHANGES

Are you shopping for (or returning) gifts? Don't assume that you can return items unconditionally. Look for a return policy sign in the store! Under California law, stores are free to set their own policies, such as requiring a restocking fee or requiring that the merchandise is in its original packaging – as long as they are posted conspicuously at the store or on the order form.

If a store has no posted policy, California law provides that in most cases, as long as you have your receipt, you are entitled to full refund or equal exchange within 7 days of purchase. (Cal. Civil Code § 1723.) There are exceptions, such as food or other perishables, items returned without their original packaging, or underwear and bathing suits. In addition, stores can refuse refunds for items marked "as is," "no returns," or "all sales final," or customized items that are received as ordered.

If the store does have its own refund policy, it must post notices explaining the policy, including:
- whether a cash refund, store credit or exchange will be given for the full amount of the purchase price;
- the time period during which the customer may return the merchandise;
- the types of merchandise covered by the policy;
- any other conditions that govern the refund, credit, or exchange of merchandise, such as requiring that the merchandise be returned with its original package and proof of purchase.

For more information on this, see the California Department of Consumer Affairs Legal Guide, "Display of Return Policy by Retail Sellers ."

Surprisingly, even stores in the same chain can have different refund policies. Stores can also change their policies at will. Some stores may have different policies during the holiday shopping season than the rest of the year. Often holiday return policies allow more time so that people can return gifts easily.

Retailers who violate Civil Code §1723 may be liable for the amount of purchase, and are also subject to the Consumers Legal Remedies Act (Cal. Civil Code §§1750-1784 ), which allows class action lawsuits for deceptive and unfair business practices.

**Frequent returns**
Although many stores' policies become more liberal around the holidays, you may find that some stores are getting stricter. Many stores now check each return using a reporting service likeThe Retail Equation (TRE) to track their customer's return habits. If a customer returns too many items in a certain time period, or behaves in other suspicious patterns, the store may refuse to issue refunds to that customer. The Retail Equation says that over 34,000 stores, including 12 of the top 50 retailers, use its service. This service is intended to prevent thieves from returning stolen items for a "refund," but people who do a lot of shopping and returns can be flagged as well, resulting in a return being denied. If you are denied a return, you can request a copy of your file from TRE. The contact info is available on their site at Your Return Activity Report .

**Warranties**
Unless sold "as is," all consumer goods except clothing and consumables have an "implied warranty" that the item will be fit for its ordinary purposes. This warranty lasts 60 days; if the product also has a written warranty, the implied warranty lasts as long as the written one does, up to one year. (Cal. Civil Code § 1791 and following ). If there is a written warranty, you are entitled to have the item repaired to fix any defects, and if it cannot be repaired, you are entitled to a refund or replacement.

*updated 3/18 kf*