UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK ESTAVILLO,<br><br>    Plaintiff,<br><br>v.<br><br>BEHAVIOUR INTERACTIVE, et al.,<br><br>    Defendants. | Case No. 19-cv-01025-SVK<br><br>**REPORT AND RECOMMENDATION TO DIMISS PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. Nos. 7, 8 |

Before the Court is pro se plaintiff Erik Estavillo's amended complaint ("Amended Complaint"). ECF 8. Plaintiff filed his original complaint ("Complaint") (ECF 1) and a motion for leave to proceed in forma pauperis ("IFP") (ECF 2) on February 25, 2019. Plaintiff's original Complaint sets forth various grievances and changes that Plaintiff demanded Defendants Epic Games, Behaviour Interactive and Starbreeze Studios make to their video games: Fortnite and Dead by Daylight. *See* ECF 1. Pursuant to 28 U.S.C. § 1915, the Court denied Plaintiff's IFP application without prejudice and conducted an initial screening review of Plaintiff's Complaint. ECF 5. The Court found that the Complaint failed to establish federal subject matter jurisdiction or state a claim upon which relief may be granted. *Id.* at 2–4. As a result, the Court instructed Plaintiff to submit an amended IFP application and an amended complaint. *Id.* at 4.

In response to the Court's order, Plaintiff filed an amended IFP application (ECF 7) and his Amended Complaint (ECF 8). Plaintiff's Amended Complaint abandons his claims against Defendants Epic Games and Starbreeze Studios and instead seeks relief against Defendants Behavior Interactive and Value Corporation under California law and the Americans with Disabilities Act ("ADA"). *See* ECF 8. On April 11, 2019, the Court issued its second screening order under 28 U.S.C. § 1915, granting Plaintiff's amended IFP application but concluding that

Plaintiff's Amended Complaint fails to establish a basis for federal subject matter jurisdiction. ECF 11 at 2–8. The Court ordered Plaintiff to amend his Amended Complaint by May 13, 2019. *Id.* at 8. To date, Plaintiff has not filed a second amended complaint.

Plaintiff has not consented to the jurisdiction of a Magistrate Judge. Likewise, Defendant has not been served and therefore has not yet made an election regarding the jurisdiction of a Magistrate Judge. Accordingly, the Court **ORDERS** the Clerk of the Court to reassign this case to a District Judge. *See Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017).

For the reasons stated below, the Court **RECOMMENDS DISMISSAL** of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) **WITH PREJUDICE**.

## I.     BACKGROUND

On February 25, 2019, Plaintiff filed his original IFP application and Complaint. ECF 1; ECF 2. The Court denied his IFP application without prejudice based on Plaintiff's failure to state the amount that he receives from Federal or State welfare payments, Social Security or other government sources. ECF 5 at 2. The Court also conducted an initial screening review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 and found that the Complaint failed to establish federal subject matter jurisdiction or state a claim upon which relief may be granted. *Id.* at 2– 4. In particular, the Court found that Plaintiff's list of grievances and suggested changes to Defendants' video games failed to identify any federal or state law which entitles him to relief from the Court. *Id.* The Court thus instructed Plaintiff to submit an amended IFP application and an amended complaint.

Plaintiff filed his Amended IFP Application and Amended Complaint on March 26, 2019. ECF 7; ECF 8. Plaintiff's Amended Complaint differs significantly from his original Complaint. *See* ECF 8. Plaintiff no longer alleges claims against Defendants Epic Games and Starbreeze Studios. *Id.* Instead, Plaintiff's Amended Complaint seeks relief from Defendants Behavior Interactive and Value Corporation ("Defendants") based on two claims. The first claim alleges that Defendants violated California Civil Code § 1723 by failing to state on the front page of the website for their digital-video-gaming store, Steam, that no returns or refunds are available for banned video gamers. *Id.* at 5. The second claim alleges that the Defendants violated the ADA by

not updating their websites and end user license agreements "to meet the needs of Americans with Mental Disabilities," who need to have "important facts about refunds, returns, and other important information . . . explicitly explained to them." *Id.* Plaintiff requests compensatory damages and a total of $15 million in punitive damages. *Id.* at 7.

## II. PLAINTIFF'S AMENDED COMPLAINT

### A. Screening under § 1915(e)(2)

District courts must screen civil actions filed in forma pauperis to ensure that the complaint states a claim, is not frivolous and does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). A "frivolous" complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The Ninth Circuit has noted that § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Indeed, both Rule 12(b)(6) and § 1915(e)(2)(B) require a district court to dismiss a complaint that fails to state a claim upon which relief can be granted.

A plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pursuant to a § 1915 review, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citations omitted). In its review, the Court liberally construes pro se pleadings. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

A lack of subject matter jurisdiction may support finding that a complaint is frivolous. *See Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987). The Court similarly has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. Proc. 12(h)(3). Federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332 are the two most common forms of federal subject matter jurisdiction. Federal question jurisdiction exists over actions "arising under the Constitution, laws, or treaties of the United States."

3

1   28 U.S.C. § 1331.  The well-pleaded complaint rule governs whether a complaint establishes
2   federal question jurisdiction and "provides that federal jurisdiction exists only when a federal
3   question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v.*
4   *Williams*, 482 U.S. 386, 392 (1987) (citation omitted).  Diversity jurisdiction requires that all
5   plaintiffs be of diverse citizenship from all defendants, and that the amount in controversy exceeds
6   $75,000.  28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 553–54
7   (2005).

### B.  Federal Subject Matter Jurisdiction

Plaintiff's Amended Complaint fails to establish that the Court possesses subject matter jurisdiction over this dispute.  Federal courts are courts of limited jurisdiction, and as the party seeking to invoke federal court jurisdiction, Plaintiff has the burden of establishing that federal subject matter jurisdiction exists.  *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  Plaintiff's Amended Complaints fails to present either a viable federal cause of action or provide allegations that satisfy diversity jurisdiction's amount in controversy requirement.

#### 1.  Federal Question Jurisdiction

Plaintiff's Amended Complaint fails to state a viable claim under federal law and thus fails to establish federal question jurisdiction.  *See Empire Healthcare Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (noting that a case "arises under" federal law if a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law") (citations omitted).  Plaintiff pleads one federal claim under the ADA, alleging that Defendants discriminated against individuals with mental disabilities such as Plaintiff by concealing important information regarding returns and refunds.  ECF 8 at 5–6.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."  42 U.S.C. § 12182(a). Plaintiff points to a federal district court decision from Florida to support his allegations that a website may be held liable as public accommodation.  ECF 8 at 5–6 (citing *Gil v. Winn Dixie*

1   *Stores, Inc.*, 242 F. Supp. 3d 1315 (S.D. Fla. 2017)).  There, the Court denied a motion to dismiss
2   an ADA claim against a grocery chain's website because the plaintiff "sufficiently alleged a nexus
3   between [the grocery chain's] website and its physical stores."  *Winn Dixie*, 242 F. Supp. 3d at
4   1321.  The Court did not reach the question of whether the grocer's "website is a public
5   accommodation in and of itself."  *Id.*  However, the Ninth Circuit—the controlling law in this
6   district—has recognized that a website whose "services are not connected to any 'actual, physical
7   place[]' . . . is not subject to the ADA."  *Earll v. eBay, Inc.*, 599 F. App'x 695, 696 (9th Cir. 2015)
8   (quoting *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir.2000)).
9   According to Plaintiff's allegations, Steam is a "digital store."  ECF 8 at 5.  As a result, the
10  Amended Complaint lacks allegations that show Steam has a connection to an actual, physical
11  place.  Without that connection, Plaintiff's "ADA claim fails as a matter of law."  *Earll*, 599 F.
12  App'x at 696.  Plaintiff thus fails to plead a viable claim under federal law, and the Amended
13  Complaint does not establish federal question jurisdiction.

### 2. Diversity Jurisdiction

15  The Amended Complaint fails to plead sufficient facts to establish diversity jurisdiction as
16  well.  As the Court noted in its previous order, diversity jurisdiction exists where all plaintiffs are
17  of different citizenship than all defendants and the amount in controversy exceeds $75,000.
18  28 U.S.C. § 1332.  The Amended Complaint alleges diversity of citizenship and asserts that the
19  amount in controversy exceeds $75,000.  ECF 8 at 1–2.  In particular, Plaintiff seeks
20  compensatory damages and a total of $15 million in punitive damages.  *Id.* at 7.  The only basis
21  for compensatory damages in the Amended Complaint is Plaintiff's reference to the "nearly $500"
22  that he allegedly spent in the Stream store on Defendants' "video game via microtransactions."  *Id.*
23  at 4.

24  Courts determine the amount in controversy for jurisdictional purposes based on "the
25  amount of damages or the value of the property that is the subject of the action."  *Waldbewohner*
26  *v. Taxation Dep't, Com. of Australia*, No. C 93-1729 SBA, 1993 WL 219279, at *1 (N.D. Cal.
27  June 11, 1993) (citing *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 346–
28  48 (1977).  Although the Court accepts damages claims "made in good faith," the Court may

dismiss a complaint based on a failure to satisfy the amount in controversy requirement where it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938); *see also Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000). Furthermore, "Courts must 'scrutinize [a] claim closely' where 'a claim for punitive damages makes up the bulk of the amount in controversy.'" *Cason v. California Check Cashing Stores*, No. 13-CV-03388-JCS, 2013 WL 5609329, at *3 (N.D. Cal. Oct. 11, 2013) (citations omitted).

The Supreme Court recognizes that the Fourteenth Amendment's due process clause places limits on punitive damages. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003). Based on these concerns, the Court instructed courts to consider three guideposts when evaluating punitive damages awards:

> (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases.

*Id.* at 418 (citation omitted). Although the Court declined "to impose a bright-line ratio which a punitive damages award cannot exceed," the Court noted "that, in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *Id.* at 425. The California Supreme Court in turn has concluded that awards exceeding a single-digit ratio between punitive and compensatory damages "to a significant degree" are presumptively unconstitutional in California. *Simon v. San Paolo U.S. Holding Co.*, 35 Cal. 4th 1159, 1182 n.7 (2005) (quoting *State Farm*, 538 U.S. at 425).

Here, Plaintiff fails to provide sufficient allegations to satisfy the amount in controversy requirement. Plaintiff alleges that he lost the "nearly $500" that he spent in the Steam store when Defendants banned him. *Id.* at 4. California Civil Code § 1723 potentially holds Defendants liable for these purchases as well as the statutory remedies provided for in the Consumers Legal Remedies Act. Cal. Civ. Code § 1723(c). That statute, as applicable here, authorizes recovery for actual and punitive damages, restitution and an additional penalty of up to $5,000 where the consumer bringing the action "is a senior citizen or a disabled person." Cal. Civ. Code § 1780(a),

6

(b). Assuming for the purposes of this screening order that Plaintiff is successful, Plaintiff may recover roughly $500 in compensatory damages and $5,000 in statutory damages.

The remainder of Plaintiff's requested relief comes in the form of punitive damages. ECF 8 at 7.  Given that Plaintiff's allegations support at most $500 in compensatory damages, Plaintiff's request for $15 million in punitive damages is presumptively unconstitutional.  Even a ten to one ratio between punitive and compensatory damages would only support $5,000 in punitive damages against each Defendant.  *See Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activists*, 422 F.3d 949, 962 (9th Cir. 2005) (calculating damages ratios for constitutionality purposes "by comparing each plaintiff's individual compensatory damages and punitive damages awards as to each defendant").  These punitive damages in addition to Plaintiff's compensatory damages and the statutory penalty brings Plaintiff's total to damages to $15,500.  Such damages are still well below the $75,000 minimum amount in controversy.  Further, the Amended Complaint fails to allege that Defendants engaged in sufficiently egregious conduct to suggest that a punitive damages award which exceeds the ten to one ratio could be constitutional.  *See Simon*, 35 Cal. 4th at 1182.  Accordingly, it is clear to a legal certainty that Plaintiff's Amended Complaint does not meet the jurisdictional minimum to establish diversity jurisdiction.  *See Cason*, 2013 WL 5609329, at *3 (dismissing a case under § 1915(e) where the complaint pleaded a presumptively unconstitutional amount of punitive damages and thus failed to "satisfy the jurisdictional minimum for diversity jurisdiction").

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130.  However, the Court previously granted Plaintiff two opportunities to establish federal subject matter jurisdiction. ECF 5; ECF 11.  And in response to the Court's second screening order, Plaintiff chose not to file a second amended complaint.  The Court thus **RECOMMENDS** that the District Judge dismiss Plaintiff's Amended Complaint **WITH PREJUDICE**.  *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (holding that a court may deny leave to amend "if the plaintiff had several opportunities to amend

7

its complaint and repeatedly failed to cure deficiencies").

### III. CONCLUSION

For the reasons stated above, the Court **ORDERS** the Clerk of the Court to reassign this case to a District Judge and **RECOMMENDS DISMISSAL** of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) **WITH PREJUDICE**. Any party may serve and file objections to this recommendation within fourteen days after being served. Fed. R. Civ. P. 72; Civil Local Rule 72.

Finally, the Court reminds Plaintiff that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is available by appointment and on a drop-in basis. The Federal Pro Se Program is available at Room 2070 in the United States Courthouse in San Jose (Monday to Thursday 9:00 am–4:00 pm, on Friday by appointment only), or by calling (408) 297-1480. Parties may make appointments by contacting the program's staff attorney, Mr. Kevin Knestrick, at (408) 297-1480 or kknestrick@asianlawalliance.org. In addition, the Court offers a pro se handbook free of charge; a copy may be obtained from the Clerk's office or downloaded from http://cand.uscourts.gov/prosehandbook.

**SO RECOMMENDED.**

Dated: May 30, 2019

_____
SUSAN VAN KEULEN
United States Magistrate Judge